PAYSON & LYON ET AL. *v.* WALTER HOLDEN.

[Abstract Kentucky Law Reporter, Vol. 4—352.]

**Lease as Evidence.**

Where a written lease is referred to in the petition and its genuineness is not denied by affidavit, it may be read in evidence without its execution first being proved.

**Effect of Accepting Rent.**

The acceptance of rent in pursuance of a lease is not only a waiver of rights as innocent purchasers without notice, but is an acceptance of the tenant as the tenant of the purchaser according to the terms and conditions of the lease existing between the tenant and his former landlord.

**Measure of Damages.**

It is the province of the jury to fix the amount of damages in a suit for forcible ejection and it is only when such damages are

excessive and appear to have been given under the influence of passion and prejudice or when improper evidence bearing upon the measure of damages is permitted to go to the jury that the Court of Appeals is authorized to interfere on account of the damages awarded.

**New Trial for Newly Discovered Evidence.**

When a witness is present in court at the trial and by reasonable diligence a party might have discovered before the trial his evidence, no new trial will be given.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

October 21, 1882.

OPINION BY JUDGE LEWIS:

The first error assigned by appellant is that the court below improperly permitted the lease of the premises in controversy from Bullitt & Key, which was transferred to appellee to be read as evidence upon the trial without proof of its execution. The writing having been referred to in and filed with the petition, and its genuineness not having been denied by affidavit, or even in the answer, it was properly read as evidence. It is true the writing did not purport to be made by appellant, nevertheless, it being made by appellee the basis of his action, and its execution by the previous owners under whom appellants, Payson & Lyon, claim having been distinctly alleged, and not controverted by appellant, there was no necessity to prove its execution before offering it in evidence.

The second error assigned is that the court refused to permit appellants to show by proof that none of them had any notice of the lease. In our opinion actual notice to appellants was not necessary to enable appellee to hold the premises under his lease, or to maintain this action for forcibly ejecting him therefrom. But even if it be conceded to be so, it is shown by the evidence that appellants as agents as well as subsequent owners received rent for nearly two years at the rate fixed by arbitrators under the terms of the lease. So whether appellants had actual notice or not makes no difference. The acceptance of rent in pursuance of the lease should be held not merely as a waiver of their rights as innocent purchasers without notice, but as an acceptance of appellee as their tenant according to the terms and conditions of the lease. Whatever may be the opinion of this court as to the amount of

damages, it is the province of the jury in the exercise of 'sound discretion to duly consider all the facts and circumstances legitimately before them and estimate the damages according to the nature of the injury or offense.   It is only when there are excessive damages appearing to have been given under the influence of passion and prejudice, or when improper evidence bearing upon the measure of damages is permitted by the court below to go to the jury that this court is authorized to interfere on account of the damages given.   The circumstances of the case, as shown by the record, do not authorize us to say that the damages appear to have been given under the influence of passion or prejudice.   But counsel for appellants contend and assign as an error that the court below permitted appellee to testify as to the loss of his custom, business, etc., on account of his having to remove his place of business and as to the number of employes he had, etc.   No such evidence appears from the record to have been brought out in the examination in chief of appellee as a witness, but upon cross examination by appellants' counsel.   The copy of the bill of exceptions, as it appears in the record, shows that "defendants, appellants, objected to any statement of plaintiff as to loss of business, custom, etc., on account of his removal" and that the objection was overruled.   But it does not appear that such statement had been made, when the objection to it was made and overruled, or that it was subsequently made at the instance of appellee's counsel. But upon cross examination appellee testified as to the number of hands employed by him, as to his income while in possession of the property in controversy, and as to the relative advantages of his present and former place of business.   If such evidence is incompetent, the record shows it was brought before the jury by appellants and not by appellee and, therefore, it can not be complained here.   It was, however, improperly stated by appellee in his examination in chief that he paid $6 more rent at his present place of business than at his former.   But that testimony does not, from the record, appear to have been objected to.

It is assigned as an error that the court below erred in the instructions given and also in refusing instructions asked by appellants.   Since those given accord with the principles of this opinion hereinbefore stated and those refused do not, we do not think the court erred in respect thereto.

Upon the motion for a new trial appellants filed the affidavit of

one Wilson, whose statements might have properly gone before the jury, and possibly might have had some influence in determining the amount of damages. But as it appeared Wilson was present in court at the trial and by reasonable diligence appellants might have discovered before the trial his evidence, we do not think they were entitled to a new trial on that account.

The judgment is *affirmed*.

*Wharton & Ray, W. W. Thum, for appellants.*

*M. Boland, Wm. T. Thurman, for appellee.*